FORSTMANN WOOLEN CO. v. J. W. MAYS, Inc.

Civil Action No. 7440.

District Court, E. D. New York.

May 6, 1947.

Gainsburg, Gottlieb, Levitan & Cole, of New York City (Joseph P. Segal, of New York City, of Counsel), for plaintiff.

Conrad and Smith, of New York City (Samuel Rubin and Milton Horowitz, both of New York City, of counsel), for defendant.

GALSTON, District Judge.

This is a motion by the plaintiff in a trade-mark, copyright and unfair competition suit for summary judgment.

It appears that the plaintiff is a manufacturer of woolen and worsted fabrics and has adopted as its trade-mark the names "Forstmann" and "Forstmann Woolens." The plaintiff procured the registration of the name "Forstmann Woolens" as evidenced by trade-mark certificate No. 371906 on October 10, 1939, for woolen piece goods; certificate of trade-mark No. 371907, issued October 10, 1939, also for Forstmann Woolen, with somewhat different descriptive matter appearing below the trade-mark term, for woolen piece goods; certificate of trade-mark No. 373588, issued December 12, 1939 for the word "Forstmann" circumscribed by a broken curved line, and including also the letters "F. W. Co.," for woolen piece goods; certificate of trade-mark No. 373726, issued December 19, 1939, for the word "Forstmann" with a different setting, but likewise for woolen piece goods. The complaint also alleges the registration of the trade-mark "Charmona" bearing certificate No. 185706 and re-issued June 24, 1944.

It is also alleged that certain copyright registrations have been infringed, Nos. 41759, 41760, 42025 and 42111, covering an alleged artistically woven label of textile fabric, containing in the weave three fleurs-de-lis, in which is also woven the name "Forstmann" or "Forstmann Woolen Co." or "F. W. Co."

The moving papers for summary judgment disclose that the defendant is engaged in and operates a retail store for the sale of ladies' suits and coats, and offered for sale by advertisement and in its establishment suits and coats bearing the name "Forstmann" or "Forstmann Woolens" without authority or license. It is the position of the defendant that its representations in the advertisements and in the sale of the garments were lawful and true.

In the Daily News of October 24, 1946, the defendant advertised "Forstmann Wool Suits," and below it appeared the legend "Figure flattering suits, deftly tailored of Forstmann's famous 'Charmona' woolens." Also in the same advertisement appeared the terms "Forstmann 100% Virgin Wool." In the Daily News of November 28, 1946, appeared a legend "Forstmann's Virgin-Wool Melton Winter Coats." In the New York Journal American of December 6, 1946, appeared a similar legend. In the Daily News of December 12, 1946, the defendant advertised "Forstmann's Virgin Wool Coats * * *. They are deftly tailored of Forstmann's wool meltons * * *." In the Daily News of December 19, 1946, again appears the advertisement of the defendant, "Forstmann's Wool Coats 26.90" with the same description of manufacture. Again on January 22, 1947, in the New York Post the defendant advertised "$44.90 Coats of Forstmann's Virgin Wools 19.90." This latter advertisement also described the tailoring with the use of Forstmann's virgin wools.

It does not appear that the articles advertised, offered for sale and sold by the defendant were not manufactured with the plaintiff's fabric. The plaintiff contends that the defendant was not privileged to sell and advertise ladies' suits under the name and trade-mark of "Forstmann" and "Charmona" and use the plaintiff's copyright label in connection therewith; that the defendant was not permitted to sell and advertise coats under the name and trade-mark "Forstmann" and plaintiff's copyrighted labels, because the cloth in such coats, the plaintiff contends, was never placed on the "market" by the plaintiff, but was made especially on order and specifications of the United States Army.

■■■ Summary judgment may be awarded only if the proof is so clear and convincing that no material issue of fact remains in doubt. That is not the case in the circumstances presented in the pleadings and motion papers. In the first place it may be proper to inquire what frontier measures the monopoly right of the plaintiff in the use of its trade-marks. From the complaint itself it appears, as well indeed as from the certificates of registration,

that all of these marks are limited to piece goods. Now undoubtedly there may be authority for holding that manufactured articles made of textiles, similar to that manufactured by the plaintiff, could not be sold under the designation of the plaintiff's trade-marks, since such manufactured products would be so closely allied to piece goods as to warrant protection to the trade-mark owner. But that is not the case here. Here we find a sale by the plaintiff to its customers, ladies' cloak and suit manufacturers in the main, with the label or trade-mark of the plaintiff interwoven in such piece goods when sold, and indeed the name repeated at stated lengths in such cloth. At the same time the plaintiff's customers are supplied with labels to be used by them on their manufactured product. The plaintiff relying on such cases as Jacobs v. Beecham, 221 U.S. 263, 31 S.Ct. 555, 55 L.Ed. 729, and Standard Oil Co. v. California Peach & Fig Growers, D.C., 28 F.2d 283, seeks to show that the burden is on the defendant to justify the use of the name, trade-mark and labels of the plaintiff. But the case involved can readily be distinguished from the facts of the authorities cited. The defendant, having purchased garments made of genuine Forstmann woolens, is not called upon at this stage to disclose from whom such garments were purchased. The garments sold have the interwoven labels supplied by the plaintiff; at least if the plaintiff contends otherwise, that issue of fact must be left for determination at the trial. In Prestonettes, Inc. v. Coty, 264 U.S. 359, 44 S.Ct. 350, 351, 68 L.Ed. 731, Mr. Justice Holmes considered the rights of a trade-mark registrant. There it appeared that the defendant purchased the genuine powder manufactured by the plaintiff, and the court found that the defendant, by virtue of its ownership of the powder purchased, had a right to compound or change what it bought and to sell it so divided. The court said:

"If the name Coty were allowed to be printed in different letters from the rest of the inscription * * * a casual purchaser might look no further and might be deceived. But when it in no way stands out from the statements of facts that unquestionably the defendant has a right to communicate in some form, we see no rea-

son why it should not be used collaterally, not to indicate the goods, but to say that the trade-marked product is a constituent in the article now offered as new and changed. As a general proposition there can be no doubt that the word might be so used."

In Champion Spark Plug Co., Petitioner, v. Peter Sanders et al., 67 S.Ct. 1136, Prestonettes, Inc., v. Coty is cited and in the discussion by the Supreme Court, Mr. Justice Douglas pointed out that the second-hand spark plugs were nevertheless Champion Plugs, and not those of another make, and the second-hand dealer was permitted to sell the trade-marked articles bearing the trade-mark so long as the truth was stated, to wit, that they were second-hand used or repaired spark plugs.

The action here is one that combines allegations of trade-mark and copyright infringement with allegations of unfair competition, and it would appear that in some of the advertisements the defendant has gone too far. It should not be permitted to lead the public to believe that there are such things as "Forstmann Wool Suits" or "Forstmann Virgin Wool Melton Winter Coats" because though the trade—the manufacturer of suits and coats—may very well know that Forstmann does not manufacture or sell anything but piece goods, the retail buying public, i. e., the ultimate consumer, is not shown to have that knowledge. So the public might readily be deceived by such advertisements. The legend in the advertisements of January 22, 1947, in the New York Post is not open to the same infirmity because there the public is informed that the coats are made of Forstmann's virgin wools, and that should be the information given to the public in all of the defendant's advertisements instead of those that have just been considered as offending the public's rights. Moreover, acting under the admonition in Prestonettes v. Coty, the name "Forstmann" should not be in type so large as to over-shadow the remaining part of the advertisement.

The motion for summary judgment is, therefore, denied except as has herein been indicated.

Settle order on notice.