CHAMPION SPARK PLUG CO. v. REICH.

CHAMPION SPARK PLUG CO. v.
REICH et al.

Nos. 2979, 4471.

United States District Court,
W. D. Missouri, W. D.

Dec. 17, 1948.

See also, D.C., 7 F.R.D. 587.

P. L. Edwards, of Kansas City, Mo., and Wilbur Owen, of Owen & Owen, of Toledo, Ohio, for plaintiff.

Charles V. Garnett, of Kansas City, Mo., for defendants.

REEVES, Chief Judge.

The plaintiff, in order to enforce its judgment recovered in cause No. 2979, has filed its complaint in the nature of a creditor's bill to annul certain transfers of assets made by the defendant J. F. Reich and to subject the property or assets thus transferred to the levy of execution to satisfy or enforce plaintiff's judgment.

In addition to this relief, the plaintiff also asks for a citation against the defendants for contempt for allegedly violating the perpetual injunction heretofore granted against the said defendant and his privies.

The defendants on their part ask for a nullification of the injunction issued against the defendant J. F. Reich and his privies, perforce the decision in Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386.

In the original action the plaintiff obtained a judgment against the defendant J. F. Reich for an infringement of its trademark and for unfair competition. Upon the trial of that question the court held that the said defendant J. F. Reich had infringed plaintiff's trade-mark and had been guilty of unfair competition. The matter was referred to a special master to take an accounting of profits. There was a prolonged hearing before the master and his report and recommendations were confirmed. D.C., 49 F.Supp. 903. By such action a substantial judgment was rendered against the defendant J. F. Reich.

Both before and after said judgment the said defendant transferred his assets used in his business, first to a corporation organized by him and which in effect became his alter ego, and, second and subsequently, the assets of the corporation thus formed were transferred for a named consideration to said defendant's wife, Lois E. Reich. The consideration for the latter transfer was the surrender of certain claims the defendant's said wife had asserted against him for alleged accrued salary in the operation of his business. The said defendant's wife has now obtained the possession of such assets, and it is the contention of the plaintiff by its creditor's bill that the transfers mentioned were null and void as conceived in fraud, and designed to hinder, delay and defeat the plaintiff in the enforcement of its judgment.

These will be noticed, and other facts will be stated in the course of this memorandum opinion.

1. The transfers were made approximately of the date the master's hearing started and were clearly designed to put the assets of defendant, J. F. Reich, beyond the reach of his creditors. The corporation formed by him did not aid that purpose for the reason that the said defendant held in person practically all of the issued stock. Other incorporators held little more than qualifying shares. About the time of this transfer the defendant, J. F. Reich, caused entries to be made on his books in the way of liabilities of large sums of alleged accrued salaries in favor of his wife and father.

In the hearing before the master these items were rejected by the master for the reason that all financial statements and tax returns made to the government had not taken into account the claimed accrual of unpaid salaries.

Upon exception to the master's report, including the disallowance of such claims, the act of the master by appropriate exceptions was called to the attention of the court. The master was sustained and his report confirmed. The object of placing such claims was to reduce the profits allegedly made by the defendant in his infringing and unfair competition operations and thereby to reduce or minimize any judgment the plaintiff might obtain against him.

In the present action the several defendants say that the transfers were legitimately made and were not vitiated by fraud, and, moreover, that, in view of the opinion in Champion Spark Plug Co. v. Sanders, supra, it would be inequitable to enforce the judgment against the defendant because much of the liability accrued against the defendant on account of an erroneous

ruling of the Court of Appeals, this Circuit, in Champion Spark Plug Co. v. Reich, 121 F.2d 769, loc. cit. 774.

(a) Practically the whole consideration paid by the defendant's wife for the assets used in his business was her alleged accrued salary. The identical matter was presented and strenuously urged before the master. As stated, he rejected the claims on several reasonable grounds. This court confirmed the master's report and overruled an exception which particularly pointed out the act of the master in rejecting the accrued salary claims. To uphold the salary claims now would mean that in one decision the court rejected the claims that otherwise would have reduced the judgment against the defendant, and now, to uphold the claims would help defeat the very judgment that such claims were not permitted to reduce. The doctrine of estoppel would defeat such a ruling.

■ In 50 C.J.S., Judgments, § 712, page 173, it is there said:

"Another statement of the rule is that any right, *fact, or matter in issue, and directly adjudicated on, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered on the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether or not the claim or demand, purpose or subject matter of the two suits is the same.*" (Emphasis mine).

Again, on pages 174 and 175, it is said:

"A question which has been expressly determined by the trial court is res judicata although the appellate court, in affirming the trial court's decree, has not considered the question."

The doctrine is well expressed in Howard v. Chicago, B. & Q. R. Co., 8 Cir., 146 F.2d 316, loc. cit. 319, where the Circuit Court of Appeals quoted approvingly a recent case decided in the Sixth Circuit, Runyan v. Great Lakes Dredge & Dock Co., 141 F. 2d 396, 397, as follows:

" 'The general rule as to judgments that a judgment on the merits rendered in a former suit between the same parties in the same cause of action by a court of competent jurisdiction operates as an estoppel, *not only as to every matter which was offered and received to sustain or defeat the claim,* (emphasis mine) but as to every other matter which with propriety might have been litigated and determined in that action, * * *.' "

In the light of this principle, the transfer of the assets by mesne and intermediate conveyances to plaintiff's wife was without consideration and void in law. Such transfers should be and will be annulled and made liable for the levy of execution issued on plaintiff's judgment.

In addition to the above, the evidence in this case shows conclusively that the defendant, the judgment debtor, is in supervisory control in part at least, of the operations carried on in the name of his wife.

■ (b) The claim that the enforcement of the judgment would be inequitable for the reason that the operations resulting in the judgment were under the decree of this court prior to the injunction required by the mandate of the Court of Appeals is untenable. This question was adjudicated adversely to the contention of the judgment debtor when the master's report was submitted on exceptions. Moreover, the principal part of defendant's obligations was created long before the trial in the original case. The defendant later understood that the plaintiff had appealed from the order of the court dissolving the injunction and, moreover, the business he did in violation of plaintiff's right was then done at his peril. The opinion of the Court of Appeals remained the law of the case until the decision of Champion Spark Plug Co. v. Sanders, supra.

■ 2. The plaintiff believes that the original defendant, together with his wife, should be cited for contempt because the injunction directed by the Court of Appeals has been violated. It was the ruling of the Court of Appeals that the defendant should remove from his reconditioned spark plugs "plaintiff's trade-mark." It was admitted at the hearing that the defendant and his wife conformed to this ruling until the decision in Champion Spark Plug Co. v. Sanders. In that case the Supreme Court specifically held that it was not necessary

to remove "plaintiff's trade-mark" from reconditioned spark plugs. By this ruling the Circuit Court of Appeals, this Circuit, was overruled on the only point decided by it adversely to the views of the trial court.

Under such circumstances the defendant should not be cited for contempt. Moreover, as it appeared from the evidence, they were advised by able counsel that the opinion of the Court of Appeals was not a satisfactory opinion and was one that probably would not find permanent lodgment in the judicial records. Under such circumstances the defendants felt at liberty to go further than they probably would have done without such advice.

The motion for a contempt citation, therefore, should be denied.

■ 3. Whether a modification of the injunction would be of any benefit to the defendants may be a serious question. However, the reason for the injunction expressed by the Court of Appeals and granted in accordance with its mandate no longer exists. The Supreme Court, in Champion Spark Plug Co. v. Sanders, supra, expressly ruled that it is unnecessary to remove plaintiff's trade-mark from reconditioned spark plugs. In the opinion of the Court of Appeals, Second Circuit, 156 F.2d 488, affirmed by the Supreme Court, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386, it was specifically pointed out what the rights of persons engaged in reconditioning spark plugs were. It would be a simple matter to enumerate these conditions, formally agree to comply with them, and thereby secure a modification or dissolution of the injunction.

As indicated, the plaintiff is entitled to a decree conformable with its prayer in Cause No. 4471. It should not have a citation for contempt, and the defendants may obtain dissolution of injunction against them upon conditions.

In Cause No. 4471 I make the following Findings of Fact:

1. This being a trade-mark and unfair competition suit in interstate commerce, and there being also a diversity of citizenship, this court has jurisdiction of the subject matter and the parties.

2. This being an action in the nature of a creditor's bill in support of the original action for trade-mark infringement and unfair competition in interstate commerce, this court has jurisdiction of this particular case.

3. The defendants, J. F. Reich and his wife, Lois E. Reich, have fraudulently and without consideration vested the legal title to the assets mentioned in plaintiff's creditor's bill in such way as to hinder and delay the plaintiff in the enforcement of its demands and such transfers should be nullified.

I state the following Conclusion of Law:

It is the right of the plaintiff to have execution issue on all property of the defendant J. F. Reich, save such as may be subject to statutory exemptions, and particularly the property owned and used by him in the operation of his business at the time the original suit was filed.