**NATIONAL DRYER MANUFACTURING CORPORATION et al.**

v.

**The NATIONAL DRYING MACHINERY COMPANY.**

Civ. A. No. 16518.

United States District Court
E. D. Pennsylvania.

May 10, 1955.

Daniel Mungall, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for plaintiff.

Louis Necho, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

■ The Lanham Act, 15 U.S.C.A. § 1117, provides that the right to recover profits against a trademark infringer shall be "subject to the principles of equity". It seems to be definitely settled since Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386, that an accounting for profits does not automatically follow a judgment of infringement. The "principles of equity" give the Court a very wide discretion and, as appears from the opinion in the case cited, the Court may base its discretion upon a wide range of considerations. Thus, in that case the Court pointed out that there had been no showing of fraud or palming off, that the respondents had for several years apparently tried to comply with a cease and desist order of the Federal Trade Commission which would have eliminated any possible imposition upon the public as to the secondhand character of the goods, and that the likelihood of damage to the petitioner or profit to the respondents seemed slight. Thus, not only the probabilities as to the existence of profits and damages were considered but also the nature of the infringement, the absence of fraudulent intent and what was done by the respondents in order to avoid misleading the public.

It is true that in Century Distilling Co. v. Continental Distilling Corp., 3 Cir., 205 F.2d 140, Judge Maris ordered an accounting upon a finding of infringement, without discussing the question whether there were any profits or damages to be accounted for or whether the equities of the case demanded it. It is possible that he did so on the theory that accounting would follow automatically upon the decree. However, in the Century case there was a definite finding by the Court of the existence of competition between the two products involved, a finding which almost postulated damages, if not profits, and which would give a basis for the exercise of the Court's discretion to grant an accounting.

■ In the present case the products are not the same and there is no competition between them. The injunction was granted to protect the counterclaimant against competition by the plaintiff, presently nonexistent, but which would arise if and when the counterclaimant should decide to enter upon a field closely related to that in which it was doing business, but in which it had not made or sold a single article.

I am of the opinion that the injunction is all that is needed in order to give the counterclaimant in the present case complete relief and, further, that the principles of equity would not justify me in awarding an accounting for profits (there having been no proof whatever of any damages) in the sale of goods which the counterclaimant has never manufactured or sold. To allow the counterclaimant the accounting for which it asks would be in effect to allow it the profits from an extensive business in which it had never invested a cent of money or taken any risk. To say the least, such an order would be a windfall.

The final decree entered in this matter is amended by striking out "The plaintiffs are ordered to pay to the defendant all their profits from the sale of drying machines from January, 1950, to date."