**ADMIRAL CORPORATION, Plaintiff,**

v.

**SEWING MACHINE SALES CORP., Export Sewing Machine Co., Samuel Cohen, Eli Cohen, and Herman Smith, Defendants.**

United States District Court
S. D. New York.

Nov. 29, 1957.

---

Engel, Judge, Miller & Sterling, New York City, for plaintiff, John F. Reddy, Jr., J. Richard Ryan, New York City, Byron, Hume, Groen & Clement, New York City, Gerrit P. Groen, Chicago, Ill., of counsel.

Samuel Wollan, New York City, for defendants, Joseph N. Friedman, New York City, of counsel.

LEVET, District Judge.

The plaintiff has moved for an order compelling the production of certain documents and records. The defendants have made a cross-motion for summary judgment or in the alternative for an order directing separate trials on the issues of liability and damages.

This is an action for trade-mark infringement and unfair competition arising out of defendants' use of the word "Admiral" on sewing machines sold by them. Plaintiff originally sought injunctive relief, an accounting for profits, damages and attorney's fees. On May 21, 1954, a consent judgment was entered enjoining defendants from using the word "Admiral" alone or in any combination, but reserving for later determination the issues with respect to accounting, damages and related relief.

### As To Defendants' Motion for Summary Judgment.

Defendants' motion for summary judgment appears to be predicated upon the following contentions:

1. Plaintiff has failed to comply with the provisions of Title 15 U.S.C.A. § 1111 in failing to display with its Admiral

trade-mark the words " 'Registered in U. S. Patent Office' or 'Reg. U. S. Pat. Off.' " or the symbol "®."

2. Even assuming compliance with Title 15 U.S.C.A. § 1111, plaintiff must show that defendants have wilfully violated plaintiff's rights.

3. As a matter of law plaintiff cannot recover profits and damages since plaintiff's products and defendants' sewing machines are not directly competing.

Title 15 U.S.C.A. § 1111 is as follows:

"Notice of registration; display with mark; recovery of profits and damages in infringement suit

"Notwithstanding the provisions of section 1072 of this title, a registrant of a mark registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register established by this chapter, shall give notice that his mark is registered by displaying with the mark as used the words 'Registered in U. S. Patent Office' or 'Reg. U. S. Pat. Off.' or the letter R enclosed within a circle, thus ®; and in any suit for infringement under this chapter by such a registrant failing so to mark goods bearing the registered mark, or by a registrant under the Act of March 19, 1920, or by the registrant of a mark on the supplemental register provided by this chapter no profits and no damages shall be recovered under the provisions of this chapter unless the defendant had actual notice of the registration."

■ It is clear from this section that display of the statutory words or the symbol ® is immaterial if defendants had actual notice of the registration of plaintiff's trade-mark. Defendants concede that they received such actual notice on June 10, 1952. Whether they had actual notice prior to that time is a question of fact which cannot be determined solely on the basis of defendants' affidavits denying prior knowledge.

Whether defendants wilfully violated plaintiff's trade-mark or any rights thereunder is similarly a question of fact which cannot be disposed of on this motion.

■ Equally without merit is defendants' contention that as a matter of law plaintiff cannot recover profits and damages. The case of Admiral Corp. v. Penco, Inc., 2 Cir., 1953, 203 F.2d 517, does not, in my opinion, support defendants' position. There, the trial court granted an injunction against defendant's use of the word "Admiral" on its vacuum cleaners and sewing machines. However, it denied an accounting on a finding that plaintiff could not as yet show material damage. In the Court of Appeals, plaintiff argued that its right to an accounting had become mandatory under the Lanham Act. This contention was rejected and the trial court's determination was affirmed.

I do not believe that Chief Judge Clark's opinion in the Penco case can be interpreted as precluding the possibility of an accounting if plaintiff can show material damage. Under such circumstances, there might be a basis for awarding profits as an equitable measure of the loss sustained by plaintiff even though plaintiff's products are not in direct competition with defendants' sewing machines.

A reading of the cases cited in Judge Clark's opinion in the Penco case, supra, reveals that in each of them an accounting was denied on an express finding that no damages had been shown. For example, in Triangle Publications, Inc., v. Rohrlich, 2 Cir., 1948, 167 F.2d 969, the court of appeals stated that: " * * * there is no evidence that any direct or indirect injury has been caused by defendants to plaintiff's business or good will." At page 974.

In Chester H. Roth, Inc., v. Esquire, Inc., 2 Cir., 1950, 186 F.2d 11, 16, certiorari denied 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1354, the Court of Appeals stated: "There was, however, no error either in denying any accounting for profits or an award of damages, neither having been shown to exist."

Similarly, in Stardust, Inc., v. Weiss, D.C.S.D.N.Y., 1948, 79 F.Supp. 274, 281, this court denied an accounting on the ground that:

"* * * There is no proof that the sales made by the defendants after January 1946 caused any direct or indirect injury to the plaintiff's business or good will, or that such sales were not made on the merits of defendants' product and defendants' reputation without any reference to the plaintiff.

"Under the circumstances, I am of the opinion that it would be inequitable to award an accounting. See Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386; Triangle Publications, Inc., v. Rohrlich, supra."

Likewise, in Lorraine Mfg. Co. v. Lorraine Mfg. Co., D.C.D.N.J., 1952, 101 F.Supp. 967, 970, the court stated:

"* * * The plaintiff herein seeks both an injunction and an accounting. However, there can be no accounting as there has been no proof of past injury to the plaintiff or of profits accruing to the defendant by reason of its use of the name 'Lorraine.'"

■ Furthermore, whether there is sufficient competition between plaintiff's products and defendants' sewing machines to authorize an accounting would seem to be a question of fact which cannot adequately be determined on this motion. See General Motors Corp. v. Circulators & Devices Mfg. Corp., D.C. S.D.N.Y., 1946, 67 F.Supp. 745; Lou Schneider, Inc., v. Carl Gutman & Co., D.C.S.D.N.Y., 1946, 69 F.Supp. 392, where accountings were granted even though the parties did not sell identical products.

Accordingly, defendants' motion for summary judgment is denied.

### As To Defendants' Motion for a Separate Trial.

Such a motion was previously made by the defendants, returnable originally on or about November 24, 1953. On January 13, 1954, Chief Judge John W. Clancy of this court denied it. I see no reason to hold otherwise; the motion once having been made and denied is sufficient determination of this matter.

### As To Plaintiff's Motion for Production of Certain Documents and Records.

■ Plaintiff's motion is disposed of as follows:

Item 1 is limited to inventory records after June 10, 1952, and as so limited is granted.

Items 4 and 5 are granted, having been consented to.

Item 7 is limited to invoices after June 10, 1952, and as so limited is granted.

Items 2, 3, 6 and 8 are denied.

To the extent that plaintiff's motion has been denied, such denial is without prejudice to the bringing of another motion for the production of documents upon a showing of good cause after other discovery procedures have been exhausted.

Defendants shall produce the documents and records required hereunder at the office of their attorney, Samuel Wollan, 51 Chambers Street, New York City, at a time to be agreed upon by counsel and stated in the order to be submitted hereon.

Settle order on notice.