# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2008

Charles R. Fulbruge III
Clerk

No. 06-20883

FAROUK SYSTEMS INC

Plaintiff-Appellant

v.

TARGET CORPORATION INC; PRO'S CHOICE BEAUTY CARE INC

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1103

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Farouk Systems, Inc. appeals the summary judgment awarded Target Corporation, Inc. and Pro's Choice Beauty Care, Inc. against Farouk's trademark claims. Primarily at issue is whether a genuine issue of material fact exists on whether there is a likelihood of confusion among consumers that Farouk packaged, or commissioned to have packaged, bottles of its hair-care products into boxed gift sets sold at Target stores. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Farouk manufactures hair-care products under the trademark "BIOSILK®". Bottles of BIOSILK were obtained and packaged by Pro's Choice into open-faced boxes and sold as sets. Each outer box: bears the name "BIOSILK" on each side, except the bottom of the box; on its front, displays more than one bottle through a cut-out; and, on its back, has a "repackaging-notice" disclaimer, notifying consumers that Pro's Choice repackaged the original bottles and is not affiliated with Farouk. Target sold the gift sets in its stores.

This action by Farouk raised state and federal trademark claims. Farouk Sys., Inc. v. Target Corp., No. H-06-1103, 2006 WL 2583449, at *1 (S.D. Tex. 6 Sept. 2006). Defendants moved for dismissal for failure to state a claim or judgment on the pleadings, under Federal Rule of Civil Procedure 12. Id. The motion was converted to one under Rule 56 for summary judgment. Id. After ordering supplemental briefing, the district court granted the motion, ruling, inter alia, that the boxed sets "cannot cause confusion". Id. at *1, *3, *4.

II.

A summary judgment is reviewed de novo, applying the same standard as did the district court. E.g., Wheeler v. BL Dev. Corp., 415 F.3d 399, 401 (5th Cir. 2005). Such judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "We resolve doubts in favor of the nonmoving party and make all reasonable inferences in favor of that party." Dean v. City of Shreveport, 438 F.3d 448, 454 (5th Cir. 2006). No genuine issue of material fact exists, however, if, based on the summary-judgment evidence, no reasonable juror could find for the nonmovant. E.g., Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir.), cert. denied, 128 S. Ct. 181 (2007). Accordingly, although "[l]ikelihood of confusion is a question of fact", Elvis Presley Enterprises., Inc. v. Capece, 141 F.3d 188, 196 (5th Cir. 1998) (citations omitted), summary judgment on that

question is still proper if there is no material fact issue and the movant is entitled to judgment as a matter of law, pursuant to the above-cited Rule 56.

## A.

Farouk maintains summary judgment was improper because it was granted before Farouk conducted discovery on the likelihood-of-confusion issue. Farouk first made this contention in its above-referenced court-ordered supplemental brief, with a supporting affidavit, after the Rule 12 motion was converted to one under Rule 56. In that brief, Farouk maintained, in the alternative, that summary judgment should be denied pursuant to Rule 56(f) because there had been no discovery and it could not, by affidavit, present evidence needed to defend against the likelihood-of-confusion issue. See FED. R. CIV. P. 56(f). For example, pursuant to the supporting affidavit, Farouk stated it had "not had an opportunity to obtain expert survey evidence on [that] issue".

Farouk, however, urged only denial of the motion and did not request an opportunity to conduct discovery. Even if its request could be construed as seeking discovery under Rule 56(f), it is insufficient to show discovery would create a genuine issue of material fact. See Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 161-62 (5th Cir. 2006) ("A party 'cannot evade summary judgment simply by arguing that additional discovery is needed,' and may not 'simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" (citations omitted)).

In its opinion granting summary judgment, the district court did not comment on this alternative basis for denial. In any event, in the light of the essential evidence that was before the court, such as the gift sets, it did not abuse its discretion by not denying summary judgment on that basis. See id.

## B.

As an initial matter, Farouk does not contend either that the packaging is untruthful or that the products are not what consumers believe they are

purchasing. The repackaged BIOSILK is genuine, unaltered, and in its original bottles; no defects or potential defects in the products have been alleged. Furthermore, although Farouk asserts the disclaimers are not on every boxed set, this contention was not presented to the district court; therefore, it will not be considered here. See Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 158 & n.86 (5th Cir. 2004).

Farouk appeals the district court's ruling that the specific elements of the "repackaging-notice" disclaimer approved by the United States Supreme Court in Prestonettes, Inc. v. Coty, 264 U.S. 359 (1924), are not required on the outer boxes of the sets. Farouk complains: the disclaimer is on the back in small, white font on a grey background; and the "BIOSILK" trademark is in large, contrasting letters on each visible side of the boxes. The disclaimer states:

> BIOSILK
> This original product has been repackaged and distributed, not under license, by Pro's Choice Beauty Care, Inc. of Ronkonkoma, New York 11779, which assumes full responsibility for the product and package, and which is independent of and unrelated to the trademark holder.

(The letters for "BIOSILK" are approximately four times as large as those for the disclaimer.)

Farouk insists this is contrary to Coty, and creates a genuine issue of material fact on whether the sets cause a likelihood of confusion among consumers. Farouk maintains consumers could believe Farouk placed, or commissioned to have placed, the outer boxes to form the sets. To dispel confusion, according to Farouk, the disclaimer must be emphasized and the trademark de-emphasized by being in letters of the same size, color, type, and general distinctiveness. In support, Farouk relies on Coty, 264 U.S. at 367-69 (approving use of trademark on labels of repackaged products and discussing details mandated by the district court), and Enesco Corp. v. Price/Costco Inc., 146 F.3d 1083, 1086 n.4 (9th Cir. 1998) (mentioning Coty where figurines were

repackaged into boxes providing less protection against damage) (quoting 4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25:35 (4th ed. 1996) ("Use of trademark in repacking and rebottling goods - COTY Rule")).

As recognized in Coty, the touchstone of trademark law is consumer confusion. E.g., 264 U.S. at 368 (finding trademark can be "used in a way that does not deceive the public"); ICEE Distribs., Inc. v. J&J Snack Foods Corp., 445 F.3d 841, 846 (5th Cir. 2006) ("[t]rademark law is . . . designed to . . . protect the public – i.e., consumers – from confusion about a product's source and, relatedly, to protect trademark-owners' investment in the goodwill associated with their marks" (citations omitted)); Matrix Essentials, Inc. v. Emporium Drug Mart, Inc. of Lafayette, 988 F.2d 587, 590 (5th Cir. 1993) ("consumer confusion must be the linchpin of our analysis") (citations omitted). "To prove trademark infringement . . . , [plaintiff] must show that the use of the [] mark . . . is likely to cause confusion among consumers as to the source, affiliation, or sponsorship of [defendant's] products or services." Scott Fetzer Co. v. House of Vacuums, Inc., 381 F.3d 477, 483 (5th Cir. 2004) (citations omitted). The same standard governs trademark-infringement claims under Texas law. Id. at 484.

"[T]he general rule is that 'trademark law does not apply to the sale of genuine goods bearing a true mark, even if the sale is without the mark owner's consent'". Matrix, 988 F.2d at 590 (citations omitted). Further, resellers are permitted to use a trademark on their products to honestly identify them as being, or including, the product to which the trademark belongs. E.g., Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 129 (1947) (reconditioned Champion spark plugs) (citing Coty, 264 U.S. 359 (Coty perfume, powder made with Coty powder)); see Henry v. Chloride, Inc., 809 F.2d 1334, 1349-50 (8th Cir. 1987); Dream Team Collectibles, Inc. v. NBA Props., Inc., 958 F. Supp. 1401, 1419-20 (E.D. Mo. 1997). "[C]onspicuous disclaimers that disclaim affiliation may reduce

or eliminate confusion". Pebble Beach Co. v. Tour 18 I Ltd., 155 F.3d 526, 552 (5th Cir. 1998) (citations omitted).

As Farouk contends, and the district court implicitly concluded: Coty applies because the products have been repackaged. On the other hand, Farouk overstates Coty's applicability. Farouk urges this court to apply a per se rule that trademarked names and disclaimers must be in the same size font on labels of repackaged products, presumably giving great weight to the following statement in Coty: "If the name Coty were allowed to be printed in different letters from the rest of the inscription dictated by the District Court a casual purchaser might look no further and might be deceived". Id. at 368-69. There is no support for such a broad reading of Coty.

First, although Coty mentioned the details of the label for the repackaged products, including "letters of the same size, color, type[,] and general distinctiveness", they were not at issue before the Supreme Court. Id. at 367. Second, the repackaged products at issue in Coty had been removed from their original packages. Id. at 366-67. Third, although the details of the label mentioned by Coty have been considered by courts, they are not strictly required on all repackaged products. See Champion, 331 U.S. at 130 (approving use of trademark on label providing "full disclosure" in trademark and unfair competition case); Henry, 809 F.2d at 1349-50; Dream Team, 958 F.Supp. at 1419-20; MCCARTHY, supra.

The district court ruled the sets cannot cause confusion. There is no genuine issue of material fact on that point. As the boxed sets in the summary-judgment record plainly show, there is no material fact issue on whether the disclaimer is sufficient to dispel any possible confusion over which company packaged Farouk's products (honestly identified and unaltered) into boxed sets. Although the disclaimer is on the back, it is conspicuous. As reflected supra, it is immediately below "BIOSILK", alone in the middle of the back of the box. Its

white letters are not unusually small, and are in sharp contrast with their grey background, which stands out against the red background of the box.

"[W]e will not find a cause of action under the Lanham Act where, as here, there is no evidence of consumer confusion or deception". Matrix, 988 F.2d at 591. The same applies, of course, to a summary-judgment proceeding in which there is no genuine issue of material fact on whether there was such confusion or deception. Summary judgment was proper.

III.

For the foregoing reasons, the judgment is AFFIRMED.