**SINGER MFG. CO. et al. v. BRILEY et al.**

**No. 14297.**

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1953.

John F. Ryan, New York City, Thomas B. Branch, Jr., James A. Branch, Atlanta, Ga. (Reginald Hicks, New York City, of counsel), for appellants.

James V. Malcolm, Jr., E. L. Tiller, Atlanta, Ga., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Suing for trade mark infringement and unfair competition, appellants, complainants below, sought comprehensive and detailed injunctive relief therefrom. Appellees, defendants below, admitting some of plaintiffs' allegations and denying others, the cause proceeded to trial on the issues joined.

The evidence [1] all in, the district judge found the facts [2] and the law [3] with complainants on their claims both of trademark infringement and unfair competition, and gave judgment specifically enjoining defendants as provided for in his conclusions. Defendants did not appeal, but complainants appealing from the

1. This consisted of a lengthy stipulation, many exhibits, physical and documentary, some deposition testimony, and a large amount of oral testimony taken before the judge in open court.

2. Findings of Fact: Complainant, Singer Manufacturing Company, for almost a hundred years has manufactured Singer Sewing Machines and Singer machine parts, and has marketed them under the name "Singer", and for the past twenty years, and longer, has exclusively manufactured sewing machines under the name "Singer". Complainant, Singer Manufacturing Company, through the years has advertised the name and trade-mark "Singer" and the sewing machines manufactured by the Singer Manufacturing Company have been distinctly marked by the name "Singer" and this has come to be, and is, in the mind of the public the name and mark identifying the sewing machines manufactured by complainant, Singer Sewing Machine Company. The defendants are sales agents for several manufacturers of sewing machines, and sell new sewing machines of other manufacturers, but have never had any connection with either of the complainants and have never sold new Singer Sewing Machines.

The defendants in connection with their business have sold used sewing machines of all makes, and have sold used Singer Sewing Machines.

Some of the used Singer Sewing Machines sold by defendants have been rebuilt, renovated, altered or repaired by the defendants in the following respects: Old treadle Singer Sewing Machines were purchased or received in trade for other machines, some of the Singer machines so received being under twenty years of age, many older. Mechanical parts were removed from the head of the machines and the parts so removed were replaced by substituting parts of non-Singer manufacture, the substituted parts being parts such as reverse stitch device which required the making of a hole in the machine head and permanently attaching the device to the inner parts of the machine; dial thread tension control; modern bobbin winder, disk wheels to replace spoke wheels; electric motor attached; the machine placed in a cabinet or portable case of non-Singer manufacture, and modernized in other respects.

The old treadle machines were changed into electrified sewing machines and made to closely resemble Singer machines of more recent manufacture. The machines were repainted and the decalcomania of Singer machines of more recent manufacture applied to the repainted heads.

The defendants advertised in the daily newspapers of Atlanta, Georgia, these changed Singer machines as being for sale, and in some of the advertisements referred to the machines as Singer Sewing machines, and in other advertisements as rebuilt Singer Sewing Machines.

This course of practice might well deceive the buying public in two respects: The public would believe that the machine was of much later manufacture and believe that the machine and its substituted parts to be the genuine product of the Singer Manufacturing Company.

This not only constitutes infringement upon the trade-mark of the complainant, Singer Manufacturing Company, but also constituted an unfair trade practice as respects both complainants.

3. Conclusions of Law: (1) This Court has jurisdiction of the parties and the subject matter of the complaint.

(2) Even though under the holding in Singer Manufacturing Co. v. June Mfg. Co., 163 U.S. 169, 16 S.Ct. 1002, 41 L.Ed. 118, the name of "Singer" has come to indicate the class and type of machines made by that company, such name constitutes their generic description and conveys to the public mind the machines made by it, and on the expiration of the patent the right to manufacture and use the machines and the use of the name "Singer" passed to the public with the dedication resulting from the expiration of the patents.

(3) The right to use such dedicated name is subject, however, to the condition that the name must be so used as not to deprive the original manufacturer of its rights to the good will and reputation that it had acquired in producing such goods under such name over a long period of time.

(4) The complainant, Singer Manufacturing Company (since the dedication to public use of the name "Singer"), has by the constant and exclusive use of the name "Singer" in designating sewing machines and other articles manufactured and sold by it and in advertising the same

judgment, are here insisting that it keeps the promise of the conclusions of law (note 3, supra) to the ear while it breaks it to the hope in this, that, whereas the district judge concluded that "The repaired, renovated, or rebuilt machines must be so plainly and truthfully labeled as to plainly and truthfully convey to the buying public the true character of the machine", the specific terms of the decree chosen and employed by the district judge "to prevent future violations of complainants' rights" are not effective to do so. So insisting, they urge upon us that the decree fails of doing, and requiring the doing of, equity in the respects set out below in note 4.[4]

continuously and widely—recaptured from the public domain the name "Singer" and it has come to mean not only that the manufactured goods bearing that name are the manufactured goods of the Singer Manufacturing Company, but that the mark "Singer" serves as a guarantee of quality and that future purchasers of products so marked are the products of the Singer Manufacturing Co. The name "Singer" has thus become a valid trademark of complainant and is entitled to protection as such.

(5) Under the holding in Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386, the defendants have the right to repair or rebuild sewing machines, but such machines sold by them must be so marked as to show the truth, and to convey to the buying public the true character of the product.

(6) The test of infringement is not whether the conduct is such as to mislead the careful and discriminating purchaser, but it is enough if it may mislead the ordinary and casual buyer. Auto Acetylene Light Co. v. Prest-O-Lite Co., 6 Cir., 264 F. 810.

(7) The substitution of non-Singer parts, the modernization, the electrification, and the advertising would mislead the public and make the ordinary purchaser believe the machine to be of more recent manufacturing and to be wholly the product of Singer Manufacturing Company.

(8) Such practices constitute both trade-mark infringement and unfair competition, and will be enjoined. Singer Mfg. Co. v. American Appliance Co., D. C., 86 F.Supp. 737.

The defendants may repair, renovate and rebuild Singer Sewing Machines and sell them to the public, but in so doing the repaired, renovated or rebuilt machines must be so plainly and truthfully labeled as to plainly and truthfully convey to the buying public the true character of the machine.

In order to plainly and truthfully convey to the buying public the true character of the machine, and to prevent future violations of complainants' rights, a de-cree will be prepared to provide that in selling such machines the defendants shall place thereon medallion or decalcomania, as will be plainly legible showing:

1. That the machine is rebuilt.
2. By whom rebuilt.
3. That non-Singer parts have been used in rebuilding.
4. If the machine was originally a treadle machine, that fact shall be stated.

The name "Singer" or decalcomania once removed from a machine may not be replaced with name or decalcomania of later design, but may be replaced only with name and decalcomania of identical design.

Advertising matter will conform to the above requirements.

The prayer for accounting having been abandoned by complainants, injunction will grant adequate relief, and will be issued.

The complainants may prepare and present a decree in accordance herewith.

4. Specification of Errors:

1. The failure of the Trial Court to enjoin the use of plaintiff's trade-mark Singer, the name "The Singer Manufacturing Co." and the plaintiff's Oval trademark medallion on or in connection with the advertising or sale of so-called "rebuilt" sewing machines.

2. More specifically, the failure of the Trial Court to enjoin the defendants:

(a) From selling or otherwise disposing of any "rebuilt" sewing machine unless said defendants shall remove therefrom plaintiffs' names and trademarks and, in the place of the trademark "Singer" on the horizontal arm, affix a noninfringing name of defendants' selection, followed by the word "Rebuilt"; provided, however, that in addition defendants shall permanently affix to the head of any such machine a square or rectangular medallion or decalcomania bearing a notice reading:

"A used Singer head, reconstructed, repainted, electrified, and modified by XYZ, Atlanta, Georgia, with XYZ's parts, motor, controller and cabinet."

In such notice, any non-infringing name may be used in place of "XYZ"; and

We are not in any doubt that the appellants were and are entitled to the full and effective relief accorded to them in the conclusion of law that while "the defendants may repair, renovate, and rebuild Singer Sewing Machines and sell them to the public, in so doing the repaired, renovated or rebuilt machines must be so plainly and truthfully labeled as to plainly and truthfully convey to the buying public the true character of the machines".

We are not convinced, however, that for the present the provisions of the decree chosen and employed by the chancellor, in the exercise of his equitable judgment, to make this conclusion effective will not do so. But neither are we certain that they will for all time to come do so. We are, therefore, of the opinion that the decree appealed from should be amended to provide that the decree is kept open for orders at its foot and that complainants shall have the right to apply for modifications of or additions to it, as proposed by them, upon a showing

that experience under the decree as entered confirms their view that as entered it does not effectively afford them the relief found and determined by the chancellor to be their right and due.

As so modified, the decree appealed from is affirmed with costs equally divided.

"Singer" shall not be emphasized or different in color, size or style of type from the wording of the remainder of the notice.

(b) From using plaintiffs' names or trade-marks in advertising any "rebuilt" sewing machine except that in their printed advertising defendants may use substantially the following statement:

"A used Singer head, reconstructed, repainted, electrified, and modified by XYZ, Atlanta, Georgia, with XYZ's parts, motor, controller and cabinet."

In such statement any non-infringing name may be used in place of "XYZ"; and "Singer" shall not be emphasized or different in color, size or style of type from the wording of the remainder of the notice; and in all of defendants' advertising which incorporates such statement, the defendants' "rebuilt" sewing machines shall be advertised under the name "XYZ" or other non-infringing name of defendants' selection as "XYZ Rebuilt sewing machine."

(c) From applying to any "rebuilt" sewing machine head any of plaintiffs' machine transfer designs.

(d) From making, procuring, selling or disposing of or using any decalcomania, name-plate, label or. the like bearing plaintiffs' machine transfer designs,

names, or trade-marks, or any simulation thereof, except in the notice referred to in paragraph a.

(e) From distributing or using any sewing machine instruction booklet which carries any of plaintiffs' names, trade-marks or sewing machine model numbers, in connection with any "rebuilt" sewing machine, or any sewing machine made by someone other than the plaintiff, The Singer Manufacturing Company, except that instruction booklets used in connection with "rebuilt" sewing machines may carry the following legend:

"A used Singer head, reconstructed, repainted, electrified, and modified by XYZ, Atlanta, Georgia, with XYZ's parts, motor, controller and cabinet."

In such legend, any non-infringing name may be used in place of "XYZ"; and "Singer" shall not be emphasized or different in color, size or style of type from the wording of the remainder of the legend; and if such legend is used the "rebuilt" sewing machines referred to in the booklet shall be designated under the name "XYZ" or other non-infringing name, as "XYZ Rebuilt sewing machines."

(f) From misusing plaintiffs' names, trade-marks and trade indicia in any manner whatsoever.