**WERTHEIMER et al.**

v.

**MILLIKEN et al.**

United States District Court,
S. D. New York.
July 27, 1954.

Golden, Wienshienk & Rosenthal, New York City, for plaintiffs, Ralph Wienshienk, New York City, of counsel.

Barry & Katzman, New York City, for defendants.

DAWSON, District Judge.

This is an application for a preliminary injunction to restrain the defendants from advertising, distributing, or marketing certain dental X-Ray films acquired from the United States Government, except as scrap material unfit for use as dental X-Ray films, and from superimposing labels in such manner as to obscure the legend "Not Fit For Use" imprinted by the United States Government Property Disposal Branch upon the side of the original carton.

The following facts are not in dispute:

1. The plaintiffs have been for many years engaged in the business of manufacturing and selling X-Ray films under the trade name and mark "Minimax", and have developed a reputation for high quality and integrity in their products.

2. In May, 1952, plaintiffs' company was awarded a United States Government contract calling for the manufacture and delivery to the Armed Services Medical Procurement Agency of certain X-Ray films; and these films were delivered by the plaintiffs.

3. In the Spring of 1954, the United States Army turned over to its Property Disposal Branch a large quantity of certain X-Ray films in order to dispose of deteriorated films which they believed were unfit for use by reason of the aging process.

4. The defendants successfully bid for and obtained a substantial quantity

of such films so sold by the Government at a total cost of $3,140, or about one-tenth of what the Government had originally paid for the films. Each package so sold by the Government had imprinted thereon by the Government before delivery the words "Not Fit For Use".

5. The defendants, in their contract with the Government, entered into a warranty by which they agreed with the United States that the property purchased by them "was offered as scrap" and by which defendants agreed that they "will sell and ship or use it only as scrap, either in its existing condition or after further preparation".

6. The defendants took these original packages containing these films and added to them a sticker which reads: "Paramount Dental Supply Company— Professional Equipment For Over A Quarter Of A Century", and have sold, and are in the process of selling, to jobbers and others these original packages containing these films. All of the films were films which were originally sold by plaintiffs to be developed before September, 1953.

Plaintiffs contend that defendants have obscured the words "Not Fit For Use" on the packages which they are selling; the defendants deny that they have obscured these words. I do not believe that this issue of fact is determinative on this motion.

We have, under the admitted facts of this case, a situation where the defendants, doing business as a dental supply company and vendors of professional equipment, are selling in the market, in the original containers, X-Ray films bearing the trade mark and the name of the plaintiffs, although the defendants had purchased these items from the Property Disposal Branch of the United States Army on the understanding that they were being purchased "as scrap", and that the product would be sold only "as scrap", and although they knew that the time for the development of the films, in accordance with the standards of the plaintiffs, had long expired.

The sale to customers of this outdated product in the original containers bearing the trade mark and name of the plaintiffs would obviously be damaging to the reputation and good will of the plaintiffs. Furthermore, even if the original containers bear thereon the stamp "Not Fit For Use" placed thereon by the Government, the sale of the product in such circumstances would also be injurious to the good will and reputation of the plaintiffs for it implies that there is being put into the stream of commerce, under the name and trade mark of the plaintiffs, a product which is not fit for use.

The defendants bought the product at a scrap price with the express warranty that it was to be disposed of by them only as scrap. This warranty was undoubtedly exacted by the Property Disposal Branch of the United States Army so as to prevent the outdated product from being sold in competition with the up-to-date products of its suppliers, as well as to avoid the possibility of fraud and misrepresentation in the sale of the product to the public. The warranty was for the protection of the good name of the original supplier and for the protection also of the public. Irrespective of the warranty, the buying public is entitled to protection in a situation of this nature. See Burlington Mills Corporation v. Roy Fabrics, D.C.S.D.N.Y., 1950, 91 F.Supp. 39, affirmed 2 Cir., 182 F.2d 1020.

The defendants contend that although the product was bought by them as scrap and was stamped "Not Fit For Use", nevertheless, it is fit for use and can be sold by them in the original containers to be used by such dentists as may wish to purchase it. There appears to be no dispute that X-Ray films deteriorate by the passage of time, and that the films involved in this action are outdated films of a kind which would not be put on the market by the plaintiffs; and that the films were not considered by the United States Government as products which the Army should retain for its use or which should be used by the defendants for sale other than "scrap".

The defendants are not selling the product as "scrap". By their conduct, they are injuring the good name and reputation of the plaintiffs and are engaged in a course of conduct which would tend to defraud the public.

The activities of the defendants have taken place in the State of New York. The right to injunctive relief under such circumstances is clear, in view of the recent amendment to the New York General Business Law, McK.Consol.Laws, c. 20, which became effective July 1, 1954, and which reads:

"§ 361–a. *Trade-mark infringement.* Likelihood of injury to business reputation or of dilution of the distinctive quality of a trade name or trade-mark shall be a ground for injunctive relief in cases of trade-mark infringement or unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services."

At the hearing of this motion, I issued a temporary restraining order restraining the defendants from advertising, distributing, marketing, or otherwise offering for sale any of the aforesaid product acquired from the United States Government, pending further determination by this Court, and fixed the bond to be posted by the plaintiffs in the sum of $1,000. This bond has been posted.

After consideration of all of the facts and the papers, I make the following conclusions of law:

(1) that the conduct of the defendants constitutes "unfair competition";

(2) that the "unfair competition" is of a type which may do irreparable harm to the plaintiffs and for which they have no adequate remedy at law;

(3) that the temporary injunction prayed for in the complaint should be granted.

The bond to be posted by the plaintiffs should continue in the sum of $1,000.

Settle order on notice.