328 F.2d 20
 140 U.S.P.Q. 440
 The BULOVA WATCH COMPANY, Inc., Plaintiff-Appellant,
v.
The ALLERTON COMPANY, Inc. and A. Hirsch Co., Defendants-Appellees.
The BULOVA WATCH COMPANY, Inc., Plaintiff-Appellee,
v.
The ALLERTON COMPANY, Inc. and A. Hirsch Co., Defendants-Appellants.
 Nos. 14254, 14255.
 United States Court of Appeals Seventh Circuit.
 Feb. 13, 1964.
 
 J. Herzl Segal, Barnet Hodes, Herman Smith, Chicago, Ill., for Bulova Watch Co.
 Melvin L. Goldman, Richard James Stevens, Chicago, Ill., for Allerton Co.
 Before DUFFY, CASTLE and SWYGERT, Circuit Judges.
 CASTLE, Circuit Judge.
 
 
 1
 Plaintiff, The Bulova Watch Company, Inc., brought this action in the District Court against the defendants, The Allerton Company, Inc., and A. Hirsch Co., alleging trademark infringement and unfair competition and seeking injunctive relief and damages. The cause was submitted on the pleadings, and on stipulations and exhibits. The issue of damages, if any, was reserved[1] until the issue of liability was determined. The District Court, filed an opinion containing its findings of fact and conclusions of law. The court found and concluded that the defendants' use of plaintiff's trademark 'BULOVA' constituted both infringement and unfair competition. The judgment order entered granted injunctive relief (but not to the extent sought by plaintiff) and denied plaintiff's claim for any damages based on acts of the defendants prior to the date of the decree. Both plaintiff and defendants appealed.
 
 
 2
 The main contested issues on appeal involve the scope of the injunctive relief and the restriction of damages to any sustained by conduct subsequent to the decree.
 
 
 3
 The record discloses that plaintiff and its predecessor have for many years engaged primarily in the business of manufacturing, distributing and selling watches. The watch 'movements' were never sold separately. Plaintiff has a long established registered trademark 'BULOVA' which appears on its watch cases and on the dial of watch movements. Plaintiff has invested large sums of money (over 100 million dollars since 1935) in advertising its products and trademark through various media. Plaintiff's watches are identified by its trademark and have wide public acceptance.
 
 
 4
 It is admitted the defendants use Bulova movements in watches they sell in order to avail themselves of the quality and reputation of plaintiff's product. The defendant Allerton is a wholly owned subsidiary of the defendant Hirsch. Since 1953 the defendants have purchased from sources other than the plaintiff (various dealers who purchased the watches from plaintiff) Bulova watches containing 6 3/4 X 8 ligne Bulova movements,[2] and have transferred these movements, bearing the 'BULOVA' trademark on the dial, from their original Bulova cases into diamond-decorated cases[3] defendants purchase from a watch case manufacturer. The defendants sell these wrist watches with the recased movements under the tradename 'TREASURE MATES' to certain retail outlets referred to as catalog houses. The public purchases these women's type, diamond-decorated wrist watches by making a selection from a catalog and placing an order with the catalog house. The individual case or display box in which each watch is furnished bears the legend: 'Treasure Mates-- Genuine Diamond Case-- with 17 J Bulova Movement'. No other wording appears on the case. The defendants prepare and furnish color pages or insert sheets covering their watches to the catalog houses for use in the latters' catalogs. These prominently feature the word 'BULOVA' in connection with the diamond-decorated watches offered for sale. Although a choice of three different makes of watch movements is offered in any one of some eleven case styles referred to as Allerton Treasure Mate cases, and it is recited that the watches are 'fully guaranteed as to material, workmanship and operation' by Allerton, the District Court aptly characterized the exhibit representative of defendants' catalog insert sheets as follows:
 
 
 5
 'The Court has studied this page and concludes that the most probable impression a prospective customer would get would be that he was buying a Bulova, Hamilton, or Elgin watch in a diamond case. Those brand names are the most prominent words on the page (except the word 'Honor'-- which is advertising sales talk describing the prospective donee). The words Bulova, Hamilton, and Elgin were on a background of red and the eye first focuses on them. In not too prominent aspect are the words 'Treasure Mates' which is defendants' name for its cases. In the block containing the guarantee the name Allerton appears twice. It appears to the Court that defendants' name is in too inconspicuous a position, size and color to convey to and impress upon an untutored and unwary purchaser the idea that Allerton Company assembled, by first disassembling, a Bulova watch, removing the movement and then recasing it with a different case and crown. It is not immediately apparent from a cursory examination of this page just what 'Treasure Mates' means except to embellish the article with a fancy brand name, but whose brand is not immediately apparent.
 
 
 6
 'Its proximity to the words Elgin, Hamilton and Bulova might even give the idea that it might be a product of those companies. Much later there appears the rather indirect explanation that Treasure Mates cases have some association with Allerton Company. 'If this were a catalog page usable only by dealers rather than the public, defendants' argument would have much greater weight. Dealers might realize the distinction between 'movements' and watches, whereas the public might not.
 
 
 7
 'A reader of this catalog page finds but a minimal reference to defendants. Probably none would remember after reading that page any name but that of Bulova, Elgin or Hamilton, with which the reader was already familiar. The fine print in which the somewhat lesser-known Allerton Company's name appears would not make a lasting impression. Furthermore, the only name appearing on the face of the watch is Bulova.'
 
 
 8
 A printed form of guarantee bearing Allerton's name accompanies the watches sold by defendants. Defendants maintain a repair department to service watches covered by their guarantee. Plaintiff refuses to service or repair defendants' watches and takes the position that the Bulova guarantee does not apply to Bulova movements which have been removed from their Bulova cases and recased in a case other than Bulova's.
 
 
 9
 Statements made by some purchasers of defendants' watches and the fact that defendants' watches are sometimes sent to Bulova with a request for repairs etc. evidence that some purchasers or their donees[4] are confused as to the source of defendants' watch.
 
 
 10
 The record indicates that the recasing operation, if properly performed, and a case properly designed and sized to fit the particular movement is used, does not adversely affect the movement. The operation includes the substitution of a new crown which matches and is considered a part of the new case.
 
 
 11
 The District Court found, among other things, that the substitution of the new and different crown and case made the resulting product a 'new construction' and 'there has been an infringement by defendants of plaintiff's trademarks pertaining to Bulova, and unfair competition by retention of the word 'Bulova' on the watch dial and on the catalog page without adding to the word Bulova a clear explanation and identification of defendants' modification of the watch which Bulova had sold, without Bulova's permission or guarantee'.
 
 
 12
 The injunctive relief the District Court awarded requires defendants either to remove the trademark 'BULOVA' from the face of the watch or to add the word 'movement' thereto; requires that any catalog insert sheets describing such watches be revised in context and format so (a) the fact that the product is guaranteed only by Allerton shall appear on the page, (b) the name, Allerton, shall precede the name, Bulova, on the page, (c) the name, Allerton, shall be given greater prominence in size, type and coloring than the name, Bulova, and (d) it shall plainly and legibly state that 'Treasure Mates', if used on the page, is a trademark of The Allerton Company; and requires that if the trademark 'BULOVA' is used on the display case furnished with the watch it shall be preceded by the name 'Allerton'.
 
 
 13
 Defendants' appeal (No. 14255) is limited to that portion of the decree which precludes retention of the trademark 'BULOVA' on the face of the recased watch unless the word 'Movement' is added. Defendants contend, in substance, that they are entitled to make such use of plaintiff's trademark-- retaining it on the face of the dial of the recased movement without making any addition thereto-- so that purchasers are fairly and reasonably informed of what they are buying. Defendants contend the recasing does not constitute 'new construction'.
 
 
 14
 Plaintiff in its appeal (No. 14254) contends the court erred in not completely prohibiting the defendants from retaining or using plaintiff's trademark on or with respect to defendants' watches, or, in any event, in not requiring such additional disclosures by defendants which would furnish the information that defendants have removed the Bulova movement from a Bulova watch and recased it in a case manufactured by someone other than Bulova; that such operation was done independently of and without authorization from Bulova; that Bulova's guarantee no longer attaches and defendants are the sole guarantors of the watch; and that defendants are not connected with Bulova. Plaintiff further contends the court erred in restricting the period of damages as it did and that plaintiff is entitled to damages and profits on account of defendants' sales after defendants were served with the plaintiff's complaint in this action.
 
 
 15
 From our review of the record, consideration of the arguments advanced, and study of the cases cited, we are convinced that the factual findings made by the District Court in its memorandum of decision are fully supported by the record and that the court's conclusions of law represent the application of correct legal criteria except in so far as the extent of the injunctive relief to be granted and the denial of post-complaint damages are concerned.
 
 
 16
 We agree with the District Court that the recasing operation here employed results in a 'new construction'. The case of a wrist watch is a necessary and integral part of the complete product. The substitution of a different crown and case by defendants results in a different product. The watch is no longer a Bulova watch. It is a new and different 'watch' albeit one containing a 'movement' manufactured by Bulova. The case is not Bulova's and its fitting does not represent Bulova workmanship. As recognized in Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 129, 67 S.Ct. 1136, 91 L.Ed. 1386, change in the original article may be such that the party making the change is without right to retain or use the manufacturer's trademark in connection with the resale of the changed product. In this connection the Supreme Court refers to Ingersoll v. Doyle, D.C., 247 F. 620. The rationale of Ingersoll is peculiarly apposite here. And, while the defendants are entitled to make a proper collateral reference to the source of the movement, without use of the trademark 'BULOVA' as such, any use of the trademark itself in connection with defendants' product must be in such a way that the public is not deceived. A complete and full disclosure is required. Prestonettes, Inc. v. Coty, 264 U.S. 359, 43 S.Ct. 350, 68 L.Ed. 731. The 'unfair competition' aspects of the instant case make it additionally essential that the public be informed not only of what the defendants actually do but also that it is done independently of Bulova, with which defendants have no connection.
 
 
 17
 Measuring the rights of the parties by the legal principles of the above cases as applied to the District Court's factual findings, which we find amply supported by the record, we conclude that the court erred in not completely enjoining the use of the trademark 'BULOVA' on the recased watches. It is obvious that the area of the exposed portion of the dial of the cased 6 3/4 X 8 ligne movement is such no appropriate and readable legend could be placed thereon which would satisfy the disclosure requirements the facts and circumstances here demand. The dial would not accommodate it. And, the addition of the word 'Movement' is not enough. As the trial court indicated in its findings and conclusions, the general public might not recognize the distinction between 'watch' and 'movement' in the setting here involved. Moreover, the mere addition of the word 'Movement' affords no disclosure of what actually has taken place, what the defendants actually did, that they are not connected with Bulova, that the case is not a Bulova case, and that the product is not guaranteed by Bulova.
 
 
 18
 If defendants desire to make any use of the trademark 'BULOVA' in connection with the catalog inserts, display-case legend, or other advertising or identification of the product (as distinguished from use on the watch itself) they may do so only by accompanying such use with a full disclosure that defendants remove the Bulova movement from a Bulova watch and recase it in a case not of Bulova manufacture; that they are not connected with Bulova; and that defendants are the sole guarantors of the watch. In so doing the name, Allerton, should be given greater prominence in placement, size, type and/or coloring, as the case may be, than that accorded 'BULOVA', and each of the factors required to be disclosed should appear in lettering of the same size, color, type and general distinctiveness as that employed in the use of the word 'BULOVA' or 'Bulova'.
 
 
 19
 Whatever infirmity might be urged as to the record in so far as a showing of defendants' awareness of plaintiff's objections to the use of the trademark 'BULOVA' in defendants' recasing and merchandising activities is concerned, it is clear that defendants were put on such notice by service of plaintiff's complaint in the instant action. Hamilton-Brown Shoe Co. v. Wolf Brothers & Co., 240 U.S. 251, 261, 36 S.Ct. 269, 60 L.Ed. 629; Layton Pure Food Co. v. Church & Dwight Co. (C.C.A. 8, 1910), 182 F. 35, 40-41. Other factors which may properly affect the award of any damages must await a trial on the issue of damages-- that issue having been reserved pursuant to the District Court's rule relating to the separation of the issue of liability from the issue of damages for purposes of trial. It was error for the District Court to limit plaintiff's claim to post-decree damages. It is entitled to proceed to trial on its claim of damages limited only to the post-complaint period.
 
 
 20
 The judgment order of the District Court is reversed and the cause is remanded with directions that the court enter a judgment order decreeing and granting appropriate injunctive relief to plaintiff in conformity with the views herein expressed, denying plaintiff's claim for damages only in so far as such claim is based on acts of the defendants prior to the date of service of plaintiff's complaint in the instant action upon the defendants, and ordering that defendants pay the trial court costs of suit.
 
 
 21
 Costs in each appeal are awarded to plaintiff, The Bulova Watch Company, Inc., and against the defendants, The Allerton Company, Inc., and A. Hirsch Co.
 
 
 22
 Reversed and remanded with directions.
 
 
 23
 DUFFY, Circuit Judge (concurring in part, dissenting in part).
 
 
 24
 This is not a fraud case. Allerton followed a practice which has been indulged in with reference to high-grade watches for thirty to forty years. The business of recasing well-known watch movements of good quality into diamond decorated cases, is a long established legitimate business.
 
 
 25
 Allerton sells only to catalog houses. The purchaser of a watch advertised does not buy after seeing the watch itself. He buys after examining the insert pages in a catalog. This is a much different situation than when a purchaser may be deceived by the appearance of the product.
 
 
 26
 At the top of the catalog page furnished to the catalog houses by Allerton, there appears in large letters, side by side, the names of 'Elgin', 'Hamilton' and 'Bulova.' Immediately beneath these names in large print appears 'Your Choice of These Fine Movements Fitted in these Treasure Mates Genuine Diamond Cases.'
 
 
 27
 A guaranty is set forth in a box appearing lower down on the page. This is signed by 'THE ALLERTON CO., CHICAGO, ILL.' In this guaranty it is stated 'These beautiful TREASURE MATE cases are carefully fitted by ALLERTON with genuine 17-jewel BULOVA, ELGIN or HAMILTON movements.'
 
 
 28
 The majority opinion cites Prestonettes Inc. v. Coty, 264 U.S. 359, 43 S.Ct. 350, 68 L.Ed. 731. I agree that decision is pertinent. The Supreme Court there held that a merchant can use and sell a trademarked product in different form, provided the public is adequately informed as to the nature of the product.
 
 
 29
 I agree that there is adequate support in the record for the factual findings of the District Court. However, in my judgment, the District Court adequately outlined the relief to be given. It required defendants either to remove the trademark 'Bulova' from the face of the watch or to add the word 'movement.' The Court also required a change in the catalog sheets to insure that one reading them would know the product was guaranteed by Allerton, and by having the name 'Allerton' given greater prominence and to precede the name 'Bulova.'
 
 
 30
 I see no justification under the facts of this case for the majority to go far beyond the remedies specified by the District Court, and my dissent is directed to that phase of the opinion.
 
 
 
 [1]
 Pursuant to Rule 21 of the Civil Rules of the United States District Court for the Northern District of Illinois
 
 
 [2]
 These are the small movements commonly used in wrist watches designed for women. 'Ligne' is a unit of measurement used in the watch trade. One ligne equals 2.0833 millimeters
 
 
 [3]
 The plaintiff sells diamond-decorated Bulova watches in addition to other types
 
 
 [4]
 The record discloses a large percentage of women's watches are purchased as gifts