**CUTLER–HAMMER, INC., Plaintiff,**

**v.**

**UNIVERSAL RELAY CORP., Defendant.**

No. 68 Civ. 1015.

United States District Court
S. D. New York.

April 4, 1968.

Samuel M. Sprafkin, New York City, for defendant.

Royall, Koegel, Rogers & Wells, New York City, for plaintiff; Michael, Best & Friedrich, Milwaukee, Wis., of counsel.

### MEMORANDUM

FREDERICK VAN PELT BRYAN, District Judge:

Action for trademark infringement and unfair competition. Jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332, and the trademark laws. 15 U.S.C. §§ 1114(1), 1121, 1125(a); 28 U.S.C. § 1338. Plaintiff has moved for a preliminary injunction.

Plaintiff Cutler-Hammer is a Wisconsin corporation engaged in the manufacture of electrical control devices, including electrical relays, under its own trademark. To assist its customers in ordering its products, Cutler-Hammer publishes catalogues listing its products according to a numbered classification system. In addition, many of plaintiff's products are sold to the government or to other manufacturers for use on government-ordered equipment. These products are designed to meet specifications established by the government, and are identified in the catalogues by the proper Military Standard (MS) Number or Army Navy Standard (AN) Number. Each product bearing an MS or AN number has been subjected by the plaintiff to the elaborate testing procedure

set forth in the government specifications for the product, and submitted to the proper government agency for approval.

Defendant Universal Relay is a New York corporation dealing in all types of relays. On January 19, 1968 defendant was the successful bidder at a government surplus sale of 2,000 unused Cutler-Hammer relays. When delivered to defendants each of these relays bore a label identifying it as C–H No. 6042H1 and M.S. No. 24140–1.[1] Since these numbers are no longer in use by Cutler-Hammer, defendant removed the labels affixed to the relays and replaced them with new labels of its own. The new labels are identical in design to the original labels and bear the Cutler-Hammer trademark. The only difference is that the new labels classify the relays as C–H No. 6042H155 and M.S. 24140–D1. These are the new numbers used by plaintiff to describe the relays it presently manufactures which are similar to the superseded H1 model which defendant is selling.

It appears from the papers before me that plaintiff first began producing relays with the MS 24140–D1 designation in February 1961, at which time it changed its catalogue designation to C–H No. 6042H155. Thus the relays now offered for sale by defendant as Cutler-Hammer's current models were manufactured prior to early 1961. Through an intermediary, plaintiff purchased one of the relabeled earlier relays from Universal. Upon examination, the relay was found to contain an old coil design which plaintiff has not used since 1959.

Defendant's relabeling of old relays under Cutler's current model designation is said to violate plaintiff's trademark rights. According to Cutler, the H1 relay has never been qualified under the new D1 Military Standard. Plaintiff

urges that defendant's conduct constitutes unfair competition, trademark infringement (15 U.S.C. § 1114(1) (a)), and misleading labeling (15 U.S.C. § 1125(a) ), all of which is causing irreparable harm to the Cutler reputation and trademark, entitling plaintiff to a preliminary injunction.

■ Universal's position is that it has a right to purchase Cutler relays from the government and to sell them under plaintiff's trademark. Defendant claims that the old relays meet the current military specifications, and thus it is entitled to relabel them as it has done. In support of this claim defendant has submitted to the court several tests of the H1 relay, conducted by an independent test laboratory, which it claims show the relays meet current standards. The defendant has failed to sustain this claim. The tests required under Military Standard 24140–D1 are approximately thirty in number and probe all the characteristics of the relay under a wide range of environmental conditions. The tests performed for the defendant involved only three of the specific tests required by the specifications and involved only the prevailing climatic conditions. Under these circumstances I am not persuaded that purchasers will not be misled or Cutler-Hammer's reputation harmed.

■ Defendant is entitled to purchase surplus C–H relays from the government and resell them under their original labels. Such use of plaintiff's trademark is proper. See Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386 (1947). It is also proper for defendant to refer to both Cutler's original parts numbers and the military standards under which the relays have been qualified. Compare Electric Auto-Lite Co. v. P. & D. Mfg. Co., 78 F.2d 700 (2d Cir.1935). The

---

1. Defendant also purchased from the government a few years ago 900 Cutler-Hammer relays bearing C-H No. 6042H6 and no M.S. number. Defendant relabeled these relays C-H No. 6042H152 and M.S. 24142D2, the current designations. The claims of the parties with respect to these relays are identical to the ones discussed in the text, and they will not be dealt with separately.

vice in defendant's conduct lies in the use of the new labels. These labels plainly represent that the relays are of Cutler origin and meet the current specifications. A purchaser would surely assume that the labels were affixed by Cutler and would rely upon Cutler's reputation for the accuracy of the representations made thereon.

Defendant may or may not be correct when it argues that the relays it is selling do meet current specifications and are not affected by age.[2] But that is beside the point. If Universal wishes to sell the relays backed with its own warranty that they meet present standards it may, perhaps, do so. But in my view, the relabeling of the relays, without Cutler's consent, to indicate they meet current standards constitutes a material alteration of the product and a misuse of plaintiff's trademark. Cf. Bulova Watch Co. v. Allerton Co., 328 F.2d 20 (7th Cir.1964); Green v. Electric Vacuum Cleaner Co., 132 F.2d 312 (6th Cir.1942); Ingersoll v. Doyle, 247 F. 620 (D.Mass.1917).

Defendant's labels would also mislead a potential purchaser as to the age of the relays. All of the relays involved here were manufactured by plaintiff prior to February 1961. Defendant's renumbering of them to match the description in plaintiff's current catalogue might well lead a purchaser to conclude that the relays have been recently manufactured. Compare Singer Mfg. Co. v. Briley, 207 F.2d 519 (5th Cir.1953); Singer Mfg. Co. v. American Appliance Co., 86 F.Supp. 737 (N.D.Ohio 1919). Universal argues that since the relays are hermetically sealed they do not deteriorate with use. Whether or not this is true, the customer is entitled to base his decision to buy upon an accurate and not a misleading statement of the facts.

A preliminary injunction may only be granted upon a clear showing that plaintiff will probably prevail on the merits and is suffering irreparable harm. Societe Comptoir de L'Industrie etc. v. Alexander's Dept. Stores, Inc., 299 F.2d 33, 1 A.L.R.3d 752 (2d Cir. 1962); Zandelin v. Maxwell Bentley Mfg. Co., 197 F.Supp. 608 (S.D.N.Y. 1961). The preceding discussion demonstrates the clear probability that plaintiff will prevail on the merits. See Polaroid Corp. v. Permarite Corp., 186 F. Supp. 755 (S.D.N.Y.1960); Wertheimer v. Milliken, 123 F.Supp. 358 (S.D.N.Y. 1954); Burlington Mills Corp. v. Roy Fabrics, 91 F.Supp. 39 (S.D.N.Y.1950), aff'd, 182 F.2d 1020 (2d Cir.1951). It is also clear that defendant's conduct is causing Cutler immediate harm by the threat the mislabeling poses to plaintiff's high reputation in the industry. Defendant is not entitled to have Cutler's reputation bear the burden of defendant's own conclusions as to the fitness of the old relays under the new specifications. Since injuries to reputation are not readily recompensed by money damages the harm caused may well be irreparable. A preliminary injunction is warranted under these circumstances.

The injunctive relief will not, however, be as broad as plaintiff requests. In my view Cutler will be adequately protected by an order enjoining Universal from selling relays with plaintiff's trademark except with the original labels and descriptions. Any further claims made for the relays must be clearly stated to emanate from Universal and not Cutler. Plaintiff will post a $5,000 bond.

The foregoing constitutes my findings of fact and conclusions of law pursuant to Rule 52, F.R.Civ.P.

Settle order on notice.

---

2. Universal has not attempted to qualify the relays under the current military standards.