862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN Re WSM, INCORPORATED.
 No. 88-1244.
 United States Court of Appeals, Federal Circuit.
 Oct. 7, 1988.
 
 Before MARKEY, Chief Judge, and NIES and MICHEL, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 WSM, Incorporated (WSM) appeals from the decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office, affirming the refusal to register OPRY, application Serial No. 470,104, filed March 14, 1984, for "country music entertainment services rendered before live audiences, on radio, and on television." In this application WSM sought registration of the service mark for all of the United States except the State of Missouri. Registration was refused under the Lanham Act Sec. 2(e)(1), 15 U.S.C. Sec. 1052(e)(1) (1982), on the grounds that the term was merely descriptive of the services. WSM recognizes that it has no rights in Missouri because of the judgment in WSM, Incorporated v. Hilton, 545 F.Supp. 1212, 218 USPQ 135 (W.D.Mo.1982), aff'd, 724 F.2d 1320, 221 USPQ 410 (8th Cir.1984). In that infringement litigation, which WSM brought against a defendant in Missouri, it was held that OPRY is a generic word for a country music show and WSM's then-existing, geographically unlimited Registration No. 1,186,169 for such entertainment service was ordered cancelled by the court. WSM argued for limitation of the effect of the judgment in the Hilton case to the geographic area of Missouri. The board disagreed. We affirm.
 
 OPINION
 
 2
 WSM argues that the "primary issue" in Hilton was "whether the defendant's use of the term 'Denny Hilton's Country Shindig Opry Show' for a locally produced variety show was likely to cause confusion with WSM's use of OPRY and its other registered marks containing 'OPRY' for its country music entertainment services." However, no likelihood of confusion was found with WSM's other marks so that the case turned on WSM's asserted exclusive rights in OPRY alone for entertainment services as the basis for its claim of likelihood of confusion. Thus, the district court stated:
 
 
 3
 WSM has, therefore, properly contended that the ultimate question to be resolved by this Court is whether or not the word "opry" is generic [for the involved services].
 
 
 4
 Hilton, 545 F.Supp. at 1218, 218 USPQ at 139. In that regard the district court held:
 
 
 5
 [A]fter a thorough review of the evidence and the law, [I] find[ ] that the word "opry" is generic, that the defendants may use the word to describe their entertainment services, and that, as a consequence, the registration of the word "Opry" by WSM in January of 1982 is cancelled.
 
 
 6
 Id. at 1214, 218 USPQ at 136. The evidence included expert testimony and dictionary listings of "opry," which term, the court found, did not identify WSM but rather has long meant and currently connotes any "country music performance that includes dancing and comedy routines." Id. at 1218, 218 USPQ at 139.
 
 
 7
 WSM argues that the genericness issue decided in Hilton is not identical to that decided by the board because the former is implicitly geographically limited to Missouri, whereas its subject application excludes Missouri. The "inherent" geographic limitation of the Hilton decision, per WSM, follows from the extent of the evidence of generic use that was before the district court. Having reviewed the decision of the district court and the Eighth Circuit, we conclude that the holding of genericness in Hilton is without geographic limitation. Of significance here is not only that the Hilton court spoke broadly on genericness but also that it followed up with equivalent action.
 
 
 8
 The Lanham Act provides in section 37 (15 U.S.C. Sec. 1119 (1982)):
 
 
 9
 In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Commissioner, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.
 
 
 10
 In accordance with section 37, the court ordered the Commissioner to cancel the registration, not merely in Missouri, but nationwide. We do not agree, therefore, that the judgment in Hilton did not affect WSM's purported rights outside of Missouri.
 
 
 11
 Apart from WSM's fallacious argument that the judgment and order in Hilton had no effect on WSM's rights outside of Missouri, WSM offers no reason why the provision that the "Commissioner ... shall be controlled" by the court's order does not apply here. WSM does not assert, for example, that the meaning of the word has changed since the decision was rendered. Cf. Singer Mfg. Co. v. Briley, 207 F.2d 519, 99 USPQ 303 (5th Cir.1953). We conclude that section 37 does apply and leads to but one result in this proceeding, namely, that the mark sought to be registered is unregistrable in view of the judgment and accompanying order of the Hilton court. WSM's attempt to re-register OPRY can only be viewed as an impermissible collateral attack on that judgment and order. See 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice p 0.407, at 286 (2d ed. 1988). WSM's forum for relief, if any, was in the district court which decided the Hilton case.
 
 Conclusion
 
 12
 We conclude that the Commissioner (through the board) would have violated the statutory mandate of section 37 by issuing a registration for "opry" alone for entertainment services. Accordingly, the decision of the board rejecting WSM's application for a geographically restricted registration of OPRY as its service mark is affirmed.